UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERTA LEE PAO,<br><br>  Plaintiff,<br><br>  v.<br><br>SUPERIOR COURT COUNTY OF FRESNO, et al.,<br><br>  Defendants. | **CASE NO. 1:14-cv-01731-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.) No other parties have appeared in the action.

Plaintiff's complaint is before the Court for screening.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.    PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Fresno County Jail. He names the following Defendants: (1) Superior Court of the State of California, County of Fresno, (2) Fresno City Police, (3)

Fresno County Sherriff's Office (Jail Division) Administration, and (4) Sherriff Margaret Mims.

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff was arrested by the Fresno Police Department. The Fresno Police Department does not exist. The officers were impersonating Fresno City Police, but actually were fake, unauthorized officers from Los Angeles County.

The arresting officers made false charges against Plaintiff and printed a fake arrest report. Plaintiff received a booking report that listed no pending charges or bail.

Plaintiff was not read his rights. He was not permitted to call his family.

The Sherriff's Office should have checked the credentials of the arresting officers, but did not.  Thus, the Sherriff's Office and Sherriff Mims conspired with the fake officers to detain Plaintiff.

Plaintiff was charged twice for each of the fake crimes the fake officers alleged he committed.

Plaintiff requests that "men of authority" free him from the Fresno County Jail.

**IV.   ANALYSIS**

   **A.   Younger Abstention**

To the extent Plaintiff seeks intervention in ongoing state criminal proceedings, this Court must abstain. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ( "When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for

damages as it does to declaratory and injunctive relief). <u>Younger</u> abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982); <u>Dubinka v. Judges of the Super. Ct.</u>, 23 F.3d 218, 223 (9th Cir. 1994).

Accordingly, the Court will abstain from interfering with Plaintiff's ongoing state proceeding.

**B.    <u>Heck</u> Bar**

To the extent Plaintiff's state criminal proceedings may have concluded, Plaintiff should note that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action. Their sole remedy lies in habeas corpus relief. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the <u>Heck</u> bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." <u>Wilkinson</u>, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." <u>Id.</u> at 81-82; <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

If Plaintiff chooses to amend, he should note that a challenge to the fact or duration of his confinement cannot be raised in a § 1983 action.

**V.    CONCLUSION AND ORDER**

Plaintiff's claims are barred under <u>Younger</u> and <u>Heck</u>. The Court will grant Plaintiff an opportunity to file an amended complaint. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts

4

resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed November 5, 2014;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: January 29, 2015      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE