UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHERTA LEE PAO,

Plaintiff,

v.

SUPERIOR COURT COUNTY OF FRESNO, et al.,

Defendants.

CASE NO. 1:14-cv-01731-MJS (PC)

**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**

**(ECF No. 8)**

**CLERK TO CLOSE CASE**

Plaintiff is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 4.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.) No other parties have appeared in the action.

Plaintiff's complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 7.) His first amended complaint (ECF No. 8) is before the Court for screening.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are

accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

The caption of Plaintiff's complaint lists as Defendants: (1) Superior Court of the State of California, County of Fresno; (2) Fresno City Police; and (3) Fresno County Sherriff's Office (Jail). The body of his complaint lists only Sherriff Margaret Mims as Defendant.

Plaintiff's initial complaint alleged that he was arrested by fake police officers and held at the Fresno County Jail on false charges. (ECF No. 1.) His amended complaint contains substantially less detailed allegations. He alleges that all of his constitutional rights are being violated, his is unlawfully incarcerated, he is the subject of a profiling conspiracy, and he is being held hostage by false officers. He seeks to be freed from his "hostage situation."

## IV. ANALYSIS

Plaintiff previously was advised of the following legal standards governing his claims. (ECF No. 7.)

### A. Younger Abstention

To the extent Plaintiff seeks intervention in ongoing state criminal proceedings, this Court must abstain. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37 (1971); Samuels v. Mackell, 401 U.S. 66 (1971). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. See Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) ( "When a state criminal prosecution has begun, the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004) (Younger abstention applies to actions for

damages as it does to declaratory and injunctive relief). Younger abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Super. Ct., 23 F.3d 218, 223 (9th Cir. 1994).

Accordingly, the Court must abstain from interfering with Plaintiff's ongoing state proceeding.

**B. Heck Bar**

State prisoners cannot challenge the fact or duration of their confinement in a section 1983 action. Their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

Plaintiff may not bring his request for release in a section 1983 action.

## V. CONCLUSION AND ORDER

Plaintiff's claims are barred under Younger and Heck. The Court will not interfere in any ongoing state court proceedings, and the challenge to the validity of Plaintiff's confinement may only be brought in a petition for a writ of habeas corpus. Thus, Plaintiff has failed to state any claims that are cognizable under section 1983. Plaintiff previously

was advised of this deficiency but failed to cure it. Further leave to amend would be futile and will be denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. The action is DISMISSED WITH PREJUDICE for failure to state a claim,
2. Dismissal shall count as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g), and
3. The Clerk of court shall terminate any and all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated: February 10, 2015

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE